**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KATHRYN MALONE,**

    **Plaintiff,**                                              **Case No.:**

v.

**1st FINANCIAL BANK USA,**

    **Defendant.**

_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
WITH INJUNCTIVE RELIEF SOUGHT**

      **COMES NOW**, Plaintiff, **KATHRYN MALONE** ("Ms. Malone" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought as against Defendant, **1st FINANCIAL BANK USA** ("Defendant"), and in support thereof states as follows:

*Jurisdiction and Venue*

1. This Court has subject matter jurisdiction over the instant case arising under 28 U.S.C. §1331 pursuant to the federal question presented by 47 U.S.C. § 227 et. seq.

2. Jurisdiction of this Court also arises under 47 U.S.C. § 227 (b) (3).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

*Parties*

4. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Florida Consumer Collections Practices Act, Fla. Stat. §

559.72 et. seq. ("FCCPA") and the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 et. seq. ("TCPA").

5. Plaintiff, Ms. Malone, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Malone is the regular user and subscriber of the cellular telephone number 727-768-4882, and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant, 1ST FINANCIAL BANK USA, was and is an active bank, with its principal place of business located at 363 W. Anchor Dr., North Sioux City, SD 57049.

8. Defendant regularly conducts business in the State of Florida.

## *Statements of Fact*

9. On or around April 20, 2016, Ms. Malone began receiving calls from Defendant.

10. In its calls, Defendant asked for Ms. Malone's son in attempts to collect a debt.

11. Ms. Malone answered one or more of Defendant's calls and asked that they stop calling her.

12. Ms. Malone informed Defendant that she did not owe the debt and that her son was the proper party to call to attempt to collect the debt.

13. At this point in time, Ms. Malone also informed Defendant that the phone number 727-768-4882 belonged to Ms. Malone, not her son.

14. Despite her request for Defendant's calls to stop, Defendant continued to call Ms. Malone's cellular phone in attempts to collect a debt.

15. Defendant called Ms. Malone's cellular phone at least fifty (50) times during the time period of April 20, 2016 to July 5, 2016.

16. Defendant called Ms. Malone's cellular phone from multiple different phone numbers including, but not limited to: 646-791-4849, 816-256-8240, 843-779-1567, 786-408-0974, 346-200-5485, 312-588-9866, 347-305-0331, 470-344-7954, 234-205-0533, 313-329-2676, 704-953-5093, and 862-256-2651.

17. Ms. Malone has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

18. Under information and belief, each of the telephone calls identified in Paragraph 15 herein were placed to Ms. Malone's cellular telephone number using an automatic telephone dialing system.

19. Under information and belief, Defendant did not place any calls to Ms. Malone for emergency purposes.

20. Defendant did not have Ms. Malone's express consent to make any of the telephone calls identified in Paragraph 15 herein to Ms. Malone's cellular telephone number.

### *Count 1: Violation of Restrictions on Use of Telephone Equipment (TCPA)*

21. Ms. Malone re-alleges paragraphs 1-20 and incorporates the same herein by reference.

22. The TCPA provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

23. Ms. Malone revoked consent to have the Defendant call her cellular phone in or around April of 2016 when she expressly told Defendant to stop calling her, that she did not owe the debt, and that her son was not at that phone number.

24. Despite this revocation of consent, Defendant thereafter called Ms. Malone at least fifty (50) times.

25. Defendant willfully and knowingly placed non-emergency calls to Ms. Malone's cellular telephone without the express consent of Ms. Malone.

26. Under information and belief, Defendant used an automatic telephone dialing system when it placed all calls to Ms. Malone's cellular telephone.

27. Defendant's phone calls harmed Ms. Malone by being a nuisance and invading Ms. Malone's privacy.

28. Defendant's phone calls harmed Ms. Malone by trespassing upon and interfering with Ms. Malone's rights and interests in the use of her cellular telephone.

29. Defendant's phone calls harmed Ms. Malone by trespassing upon and interfering with Ms. Malone's rights and interests in her cellular telephone line.

30. Defendant's phone calls harmed Ms. Malone by wasting her time.

31. Defendant's phone calls harmed Ms. Malone by causing a risk of personal injury to Ms. Malone due to interruption and distraction.

32. All conditions precedent to this action have occurred.

**WHEREFORE**, Ms. Malone respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

33. Plaintiff re-alleges paragraphs 1-20 and incorporates the same herein by reference.

34. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated the FCCPA § 559.72 (7) by willfully communicating with Ms. Malone with such frequency as can reasonably be expected to harass Ms. Malone, by causing Ms. Malone's cell phone to ring continuously.

35. As a result of the above violations of the Act, Plaintiff has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

36. Defendant's phone calls harmed Ms. Malone by being a nuisance and invading Ms. Malone's privacy.

37. Defendant's phone calls harmed Ms. Malone by trespassing upon and interfering with Ms. Malone's rights and interests in the use of her cellular telephone.

38. Defendant's phone calls harmed Ms. Malone by trespassing upon and interfering with Ms. Malone's rights and interests in her cellular telephone line.

39. Defendant's phone calls harmed Ms. Malone by wasting her time.

40. Defendant's phone calls harmed Ms. Malone by causing a risk of personal injury to Ms. Malone due to interruption and distraction.

41. It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

42. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff requests this Court to enter judgment against Defendant as follows:

    a.  Awarding statutory damages as provided by Fla. Stat. § 559.77 (2);

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

    d.  Awarding costs and attorneys' fees;

    e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **KATHRYN MALONE**, demands a trial by jury on all issues so triable.

Respectfully submitted this **October 27, 2016.**

    */s/  Michael A. Ziegler*
    Michael A. Ziegler, Esq.
    Trial Counsel for Plaintiff
    FBN:  74864
    Law Office of Michael A. Ziegler, P.L.
    13575 58th Street North, Suite 129
    Clearwater, FL 33760
    (p)  (727) 538-4188
    (f)  (727) 362-4778
    mike@zieglerlawoffice.com